

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2002

# Spa Time Inc v. Bally Total Fitness

Precedential or Non-Precedential:

Docket 1-1706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Spa Time Inc v. Bally Total Fitness" (2002). *2002 Decisions*. Paper 85.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/85

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1706


SPA TIME INC.,

Appellant

v.

BALLY TOTAL FITNESS CORPORATION


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 00-cv-03369)
District Court Judge: Dennis M. Cavanaugh


Submitted Under Third Circuit LAR 34.1(a)
January 17, 2002

Before: ALITO, ROTH, Circuit Judges, and SCHWARZER, Senior District Judge.

(Opinion Filed: Februay 1, 2002 )


MEMORANDUM OPINION OF THE COURT


PER CURIAM:
    Spa Time, Inc. ("Spa") appeals from the District Court's grant of Bally Total
Fitness Corporation's ("Bally's") Rule 12(b)(6) motion to dismiss for failure to state a
claim and from the District Court's subsequent partial denial of Spa's motion for
reconsideration and grant of Bally's converted motion for summary judgment.  As the
parties are well aware of the history of these proceedings and the facts involved, we need
not repeat them here.

Spa raises two issues on appeal.  First, Spa argues that Appellee Bally breached a
trade secret covenant by entering into an agreement with Musak Corporation ("Musak")
to broadcast in Bally's clubs.  Second, Spa claims that Bally committed breach of a
perpetual contract by entering into a new contract with Musak.

We exercise plenary review over a district court's dismissal of a complaint
pursuant to Rule 12(b)(6), see Maio v. Aetna Inc., 221 F.3d 472, 481 (3d Cir. 2000), and
over a district court's grant of summary judgment, see Farrell v. Planters Lifesavers Co.,
206 F.3d 271, 278 (3d Cir. 2000).  In both cases, we apply the same test as the district
court.

First, Appellant Spa asserts that the District Court erroneously applied the legal
criteria for the tort of misappropriation of trade secrets because Spa was arguing a
contract claim for breach of a trade secret covenant.  Appellant relies heavily on
Consolidated Boiler Corp. v. Bogue Electric Co., 58 A.2d 759, 141 N.J. Eq. 550 (N.J. Ch.
1948), Bolt Associates v. Alpine Geophysical Associates, Inc., 365 F.2d 742 (3d Cir.
1966), and Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470 (1974), argue that disclosure
is not a required element of a breach of trade secret covenant claim.  Spa claims that
misuse is sufficient for breach of a trade secret covenant and that Bally improperly
misused Spa's trade secret when it contracted with Muzak to provide music and
advertising broadcasting services.

We need not reach Spa's analysis of Consolidated, Bolt, and Kewanee, and its
legal conclusion that a trade secret covenant may be breached by either disclosure or
misuse, because Spa fails to allege sufficient facts for either disclosure or misuse.  Spa
does not claim that Bally disclosed its trade secrets, and the only allegation of misuse is
that Bally switched to Muzak to provide its music and advertisement broadcasting
services.  Yet if the trade secret at issue is merely the physical machinery and technical
design of the system itself and its operation, which is what the facts indicate, then there is
no allegation that either Bally or Musak used Spa's trade secret in any manner.  Bally and
Musak could have misused Spa's secret only if we interpret the trade secret to encompass

the very idea of broadcasting music and advertising in health clubs. This interpretation of the trade secret, however, is not supported by the record. Although the parties stipulated to treat the system and its operation as a trade secret, they did not agree to treat the concept of a music broadcasting system in a health club as a trade secret. Therefore, even if Spa is legally correct that it does not have to show disclosure and that misuse of a trade secret is sufficient to prove breach of covenant, the District Court properly dismissed the case. Moreover, although the District Court emphasized that Spa had not alleged disclosure, it did also observe that Spa had failed to allege misuse. See Distr. Ct. Op. (Nov. 14, 2000) at 11, in App. at 11a ("Additionally, Spa has not alleged any facts showing that secret information was used by Musak or Bally to the detriment of Spa.").

Second, Spa claims that it entered into a contract of perpetual duration with Bally and that Bally breached this contract by later entering into an agreement with Muzak. Our review of the record leads us to conclude that the District Court correctly determined that the parties did not enter into a contract of perpetual duration. The record indicates clearly that the parties expected to enter into a national agreement at a future date, which evidenced an awareness of the limited nature of the parties' continued relationship and belied any intention for an intermediate agreement to be perpetual. The documents reviewed on rehearing also indicated a clear intent that the new agreement would be temporary. Therefore, we agree with the District Court's reasoning, especially in light of the disfavor of perpetual contracts shown by New Jersey courts.

In conclusion, the District Court properly found that Appellant Spa failed to make a prima facie case for breach of a trade secret covenant and to demonstrate the existence of a perpetual contract. Accordingly, the District Court's grants of Bally's motion to dismiss and its converted motion for summary judgment are affirmed.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Memorandum Opinion.

Circuit Judge